IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, Plaintiff, v. **ISLA PACIFICO LLC, EL TAPATIO, L.L.C.,** and **JESUS HERRERA,** an individual, Defendants. | CIVIL ACTION FILE NO. 4:19-cv-16 |

## COMPLAINT

Plaintiff brings this action to enjoin Defendants from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the "Act" or "FLSA," pursuant to section 17 of the Act; and to recover unpaid minimum wages and overtime compensation owing for Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

### Jurisdiction and Venue

1. Jurisdiction of this action is conferred upon the Court by section 16(c) and 17 of the Act, and by 28 U.S.C. § 1345.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

### Defendants

3. Defendant Isla Pacifico LLC is an Iowa limited liability company operating a full-service restaurant at 1434 Des Moines Street, Suite 8, Des Moines, Polk

County, Iowa 50316, within the jurisdiction of this Court. Isla Pacifico LLC has employed employees in its restaurant activities and is, therefore, an employer within the meaning of section 3(d) of the Act (29 U.S.C. § 203(d)).

4.     Defendant El Tapatio, L.L.C. is an Iowa limited liability company operating a full-service restaurant at 3751 EP True Pkwy, West Des Moines, Polk County, Iowa 50265, within the jurisdiction of this Court. El Tapatio, L.L.C. has employed employees in its restaurant activities and is, therefore, an employer within the meaning of section 3(d) of the Act (29 U.S.C. § 203(d)).

5.     Defendant Jesus Herrera, an individual, is an owner and officer of Isla Pacifico LLC and has acted directly and indirectly in the interests of Isla Pacifico LLC in relation to its restaurant employees by participating in the day-to-day operations of the restaurant business and by hiring, firing, supervising, controlling the work of, and paying the employees of Isla Pacifico LLC. Jesus Herrera has also acted directly and indirectly in the interests of El Tapatio, L.L.C. in relation to its restaurant employees by hiring, firing, supervising, controlling the work of, and paying said employees. Jesus Herrera is, therefore, an employer within the meaning of section 3(d) of the Act (29 U.S.C. § 203(d)).

FLSA Coverage

6.     Since January 4, 2016, Defendants Isla Pacifico LLC and El Tapatio, L.L.C. have performed related business activities through unified operation or common control for a common business purpose and, therefore, were an enterprise within the meaning of section 3(r) of the Act (29 U.S.C. § 203(r)).

7.     At all relevant times, said enterprise has employed employees engaged in commerce or in the production of goods for commerce, and employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for

commerce by any person, including employees who process credit card transactions on a regular and recurrent basis and employees who handle, sell, or otherwise work on food and drink supplies and equipment produced outside of or shipped by persons outside of Iowa; further, said enterprise has had an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; and, therefore, was and is an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of section 3(s)(1)(A) of the Act (29 U.S.C. § 203(s)(1)(A)).

## VIOLATIONS

8. Since January 4, 2016, Defendants Isla Pacifico LLC, El Tapatio, L.L.C., and Jesus Herrera have willfully violated, and are continuing to willfully violate, the provisions of sections 6 and 15(a)(2) of the Act (29 U.S.C. §§ 206, 215(a)(2)) by paying employees, including certain individuals specifically named in Appendix A attached to this Complaint, wages at rates less than $7.25 per hour.

9. Since January 4, 2016, Defendants Isla Pacifico LLC, El Tapatio, L.L.C., and Jesus Herrera have willfully violated, and are continuing to willfully violate, the provisions of sections 7 and 15(a)(2) of the Act (29 U.S.C. §§ 207, 215(a)(2)) by employing employees, including certain individuals specifically named in Appendix A attached to this Complaint, for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

10. Defendants, as employers subject to the provisions of the Act, have willfully violated and are willfully violating the provisions of sections 11(c) and 15(a)(5) of the Act (29 U.S.C. §§ 211(c), 215(a)(5)), in that, since January 4, 2016, Defendants have failed to make, keep, and preserve adequate and accurate records of Defendants'

employees and of the wages, hours, and other working conditions and practices of employment, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to section 11(c) of the Act, including by failing to keep complete and accurate records of, among other things, the hours worked each work day and each workweek, the regular rate of pay, the basis upon which wages are paid, the total straight time and overtime earnings for each workweek, and total additions to or deductions from wages paid each pay period, with respect to certain of Defendants' employees.

11. A judgment permanently enjoining and restraining the violations herein alleged, including the restraint of the continued withholding of unpaid minimum wages an overtime compensation due Defendants' employees, is specifically authorized by section 17 of the Act (29 U.S.C. § 217).

12. As a result of the violations herein alleged, amounts are owing for unpaid minimum wages and overtime compensation to certain present and former employees, including those individuals specifically named in Appendix A attached to this Complaint, for the period from January 4, 2016 through December 31, 2017. Inasmuch as the violations are continuing, additional amounts have accrued since December 31, 2017, for certain of these employees and for employees who are presently unknown to Plaintiff and in amounts presently unknown to Plaintiff.

13. A judgment granting recovery of said amounts, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act (29 U.S.C. § 216(c)).

WHEREFORE, cause having been shown:

A. Plaintiff prays judgment, pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendant who receive actual

notice of any such judgment, from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Act, including the restraint of any withholding of payment of unpaid wages and compensation found by the Court to be due to the Defendants' employees, together with interest thereon from the dates when such amounts became due.

      B.      Plaintiff further prays judgment, pursuant to section 16(c) of the Act, against Defendants for unpaid minimum wages and overtime compensation due to Defendants' present and former employees for the period of January 4, 2016 through December 31, 2017, and in such further amounts as the Court may find due after December 31, 2017, together with an equal additional amount as liquidated damages. Should the Court decline to award said liquidated damages, Plaintiff prays the award of interest on said unpaid minimum wages and overtime compensation from the date said unpaid minimum wages and overtime compensation became due, until date of judgment.

      C.      Plaintiff further demands the award of post-judgment interest as authorized by 28 U.S.C. § 1961, and prays that he recover the costs of this action.

Kate S. O'Scannlain
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Acting Associate Regional Solicitor

/s/ Megan J. McGinnis
Megan J. McGinnis
Attorney
KS Bar #24618
2300 Main, Suite 1020
Kansas City, MO  64108
(816) 285-7260
(816) 285-7278 (fax)

       U.S. Department of Labor

       Attorneys for Plaintiff